UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| ASSURANCE COMPANY OF AMERICA, | ) ) ) | 4:11-cv-03425-RBH |
| Plaintiff, | ) ) ) | DEFENDANT PENN-AMERICA INSURANCE COMPANY'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT |
| vs. | ) ) | |
| PENN-AMERICA INSURANCE COMPANY, | ) ) ) | |
| Defendant. | ) ) ) | |

Penn-America Insurance Company ("Penn-America") hereby submits this Memorandum in Support of its Motion for Summary Judgment as to all causes of action asserted by Assurance Company of America ("Assurance"). For the reasons set forth herein, there is no genuine issue as to any material fact with regard to any of the above-referenced claims and, therefore, Penn-America is entitled to judgment as a matter of law pursuant to Rule 56 of the Federal Rules of Civil Procedure.

## FACTUAL AND PROCEDURAL BACKGROUND

This is a declaratory judgment action concerning liability insurance policies issued by Assurance and Penn-America to James Eason, individually, and doing business as James Eason & Company ("Insured"). The Insured was sued in the state court action styled Robert Sanger, representing a class of similarly situated people, Plaintiff v. WW & LB Development Company, LLC et al., bearing Civil Action No.: 2007-CP-26-0228 ("Sanger Action").

Assurance undertook the defense of the Insured in the Sanger Action; however, Penn-America declined to participate on the grounds that the facts alleged in the Sanger Action against the Insured fail to bring a claim within policy coverage.[1]  After several years of defending the Insured, Assurance has seemingly had a revelation that it likewise has no duty to defend and – absent any assignment from the Insured – initiated this litigation asserting Penn-America is solely obligated under its policy to defend the Insured in the Sanger Action and reimburse Assurance for a portion of defense fees and costs incurred to date.

## SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, the Court should grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Bagwell v. Fafard, Inc., 2007 U.S. Dist. LEXIS 50362, 7-8 (D.S.C. July 11, 2007).  When a defendant properly offers its motion for summary judgment with evidence that supports the view that the defendant is entitled to judgment as a matter of law, the plaintiff must present "affirmative evidence" to establish a genuine dispute of material fact in order to defeat the summary judgment motion. Id. citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256-57, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).  If the plaintiff fails to do so, the Court must grant summary judgment against the plaintiff. Id.  In order to establish that a genuine issue of material fact exists, the plaintiff must show that there is evidence upon which a finder of fact can reasonably find in his/her

---

[1] Penn-America further discerned that its policy expressly excludes coverage for the damages alleged in the Sanger Action.

favor. Id. Conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. Id. citing Ross v. Communications Satellite Corp., 759 F.2d 355, 365 (4th Cir. 1985).

## ARGUMENT

### I. PENN-AMERICA IS ENTITLED TO SUMMARY JUDGMENT AS TO ALL CAUSES OF ACTION ASSERTED AGAINST IT BY ASSURANCE BECAUSE A RIGHT OF RECOVERY FROM PENN-AMERICA DOES NOT EXIST.

In the current action, Assurance seeks indemnity for its own expenses in defending the Insured despite the obvious fact that Assurance is not an insured under the policy in question and is without an assignment from the Insured. Thus, Assurance does not stand in a derivative relationship to Insured. Just as liability in an action for bad faith is strictly tied to the implied-in-law covenant of good faith and fair dealing arising out of an underlying contractual relationship; liability for contribution, indemnity, unjust enrichment and breach of contract each arise of out a contractual relationship that simply does not exist in this case. Therefore, denying Assurance's claims is in line with established South Carolina precedent because Assurance is a non-party to the insurance contract between the Insured and Penn America, and not a named insured.

Moreover, in South Carolina the duty to defend is personal to each insurer. Sloan Construction Co. v. Central Nat'l Ins. Co. of Omaha, 236 S.E.2d 818, 820 (1977). The obligation is several and the insurer is not entitled to divide the duty nor require contribution from another absent a specific contractual right. Id. In Sloan, the insured tendered its defense to Liberty Mutual and Central after it was sued. Liberty subsequently defended while Central refused to participate in the defense. Notably, Central *admitted* that it breached its obligations to its insured when it refused to timely provide a defense

upon demand. Nonetheless, the Court ultimately held that where two companies insure the identical risk and both policies provide for furnishing the insured with a defense, neither company, absent a contractual relationship, can require contribution from the other for the expenses of the defense where one denies liability and refuses to defend.

The factual scenario in <u>Sloan</u> is identical to the one presented here. When Assurance undertook the defense of the Insured, it did no more than what it was obligated to do under the terms of its contract and acted, not for Penn-America, but for the Insured. The notion that Penn-America allegedly has a duty to defend is irrelevant. Assurance has not been damaged because in funding the defense of the Insured, it is fulfilling a contractual obligation owed to the Insured. Absent any damage, a right of recovery from the Penn-America cannot exist.

## CONCLUSION

Based on the foregoing arguments and authorities, Penn-America respectfully requests that the Court grant its Motion for Summary Judgment.

THURMOND KIRCHNER TIMBES & YELVERTON, P.A.

By: <u>s/Jesse A. Kirchner</u>
JESSE A. KIRCHNER
Federal Bar No.: 8067
CHRISTOPHER P. DETERS
Federal Bar No.: 9948
15 Middle Atlantic Wharf, Suite 101
Charleston, SC 29401
T: 843-937-8000
F: 843-937-4200
jkirchner@tkytlawfirm.com
cdeters@tktylawfirm.com

*Attorneys for Penn-America Insurance Co.*

August 16, 2012
Charleston, South Carolina